# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT JENKINS, EMMOT STEELE, FRANCES ROYAL, DANAI EWAN, and CHARMAINE WHYTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>NATIONAL GRID USA SERVICE COMPANY, INC., KEYSPAN GAS EAST CORPORATION, NIAGARA MOHAWK POWER CORPORATION, AND THE BROOKLYN UNION GAS COMPANY,<br><br>Defendants. | Case No.: 2:15-cv-01219-JS-GRB<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. Gary R. Brown, U.S.M.J. |

## DECLARATION OF DOUGLAS I. CUTHBERTSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Douglas Cuthbertson, declare as follows:

1. I am a partner in of the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), counsel of record for Plaintiffs in this matter. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims on behalf of the proposed Classes. I am admitted to practice before this Court and am a member in good standing of the bar of the State of New York; the United States District Courts for the Southern and Northern Districts of New York; the United States District Court for the Eastern and Western Districts of Wisconsin; the United States District Court for the Northern District of Illinois; the United States District Court for the District of Colorado; the United States District Court for the District of Connecticut; and the U.S. Courts of Appeals for the Second, Seventh, and Eleventh Circuits. I respectfully submit this declaration in support of Plaintiffs' motion for class certification. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

2. LCHB is a national law firm with offices in San Francisco, New York, and Nashville. LCHB's practice focuses on complex and class action litigation involving employment, consumer,

financial fraud, securities, product liability, environmental, and personal injury matters. Attached hereto as **Exhibit A** is a true and correct copy of LCHB's current firm resume, showing some of the firm's experience in complex and class action litigation. This resume is not a complete listing of all cases in which LCHB has been class counsel or otherwise counsel of record.

3. I graduated from Bowdoin College in 1999. I graduated from Fordham University School of Law in 2007. I served as a judicial law clerk to the Honorable Andrew J. Peck, U.S. District Court, Southern District of New York, from 2007 to 2009.

4. From 2009 until 2012, I practiced with Debevoise & Plimpton, LLP, and have practiced with LCHB since 2012, where I became a partner in January 2016. At LCHB, I have focused on representing plaintiffs in financial and consumer fraud cases.

5. As an LCHB partner, my practice has focused on a number of nationwide consumer protection and financial fraud class actions.

6. I have worked on numerous actions under the Securities Act of 1933 and/or the Securities Exchange Act of 1934, including – along with other attorneys from my firm – an action on behalf of certain Janus and Dodge & Cox funds and investment managers against Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), related Petrobras entities, and certain of Petrobras's senior officers and directors, for misrepresenting and failing to disclose a pervasive and long-running scheme of bribery and corruption at Petrobras. The action settled on confidential terms favorable to plaintiffs.

7. I, along with other attorneys from my firm, successfully litigated on behalf of Hong Leong Finance, Ltd (Singapore) against Morgan Stanley relating to the sale and marketing of certain financial products. This case was before the Commercial Division of the New York Supreme Court and settled in 2015 on confidential terms favorable to plaintiffs. *See Heong Leong Fin. Ltd. (Sing.) v. Morgan Stanley et al.*, No. 653894/2013 (N.Y. Sup. Ct.).

8. I, along with other attorneys from my firm, served as class counsel in a lawsuit against British Airways in *Dover et al. v. British Airways Plc*, 12-cv-5567 (RJD) (CLP) (E.D.N.Y.), challenging the imposition of fuel surcharges on frequent flyer award tickets as not based upon the

price of fuel, and violating the terms of the frequent flyer contract.  In May 2018, the Court approved a $42.5 million settlement.

9.     I, along with other attorneys from my firm, represent parents, on behalf of their children, in federal class action litigation against numerous online game and app producers including Disney, Viacom, and the makers of the vastly popular Subway Surfers game (Kiloo), over allegations the companies unlawfully collected, used, and disseminated the personal information of children who played the gaming apps on smart phones, tablets, and other mobile device.  These actions are pending in the Northern District of California.  *See Rushing v. The Walt Disney Company, et al.*, Case No. 3:17-cv-4419 (N.D. Cal*.); Rushing v. Viacom, Inc., et al.*, Case No. 3:17-cv-4492 (N.D. Cal.); *McDonald, et al. v. Kiloo Aps, et al.*, Case No. 3:17-cv-4344 (N.D. Cal.).

10.    I, along with other attorneys from my firm, served as co-lead counsel in a series of groundbreaking nationwide class actions under the Telephone Consumer Protection Act ("TCPA") and have prosecuted complex class action litigation of similar size, scope, and complexity to the instant case.  LCHB has the resources necessary to conduct litigation of this nature efficiently and effectively.  The TCPA is a technologically focused statute.  In my experience, successful TCPA class actions require attorneys to understand the mechanics of automatic telephone dialing systems and complex computer databases that store and organize call records.  In addition, attorneys must closely track relevant orders, rulemakings, and petitions from the Federal Communications Commission, as the FCC has been very active on TCPA issues.

11.    I, along with other attorneys from my firm and co-counsel, served as counsel in *In re Capital One Telephone Consumer Protection Act Litigation*, Master Docket No. 1:12-cv-10064 (N.D. Ill.).  On February 12, 2015, the court approved a $75,455,098.74 class settlement.

12.    I, along with other attorneys from my firm and co-counsel, served as counsel in *Ossola v. American Express Co., et al.*, Case No. 1:13-CV-4836 (N.D. Ill).  On December 2, 2016, the court approved two separate class settlements of $8.25 million and $1 million each.

13.   I, along with other attorneys from my firm and co-counsel, served as counsel in *Smith v. State Farm Mutual Auto. Ins. Co., et al.*, Case No. 1:13-cv-02018 (N.D. Ill.).  On December 8, 2016, the court approved a $7 million settlement.

14.   I, along with other attorneys from my firm and co-counsel, served as counsel in *Bayat v. Bank of the West*, Case 3:13-cv-02376-EMC (N.D. Cal.).  On April 15, 2015, the court approved a $3,354,745.98 settlement.

15.   I, along with other attorneys from my firm and co-counsel, served as counsel in *Wannemacher v. Carrington Mortgage Services LLC*, Case No. 8:12-cv-02016-FMO-AN (C.D. Cal.).  On December 22, 2014, the court approved a $1.035 million settlement.

16.   In addition to the foregoing, I currently serve as co-lead counsel in the following cases under the TCPA:  *Brown v. DirecTV, LLC*, No. CV 13-1170 DMG (EX), 2019 WL 1434669 (C.D. Cal. Mar. 29, 2019) (certifying two nationwide classes); *Cordoba v. DirecTV*, LLC, 320 F.R.D. 582 (N.D. Ga. 2017) (certifying a nationwide TCPA DNC Registry class and a nationwide TCPA internal DNC list class).

17.   The TCPA class settlements described above, along with other TCPA class actions settled by LCHB, total over $390 million.  LCHB's experience in these cases, and my experience in particular, has provided LCHB and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

**The proposed class representatives**

18.   I, along with other attorneys and staff from my firm and co-counsel Joseph S. Tusa, have worked closely throughout the litigation with proposed class representatives Jarrett Jenkins, Emmot Steele, Frances Royal, Danai Ewan, and Charmaine Whyte ("Plaintiffs").  If asked to do so, I could testify about their ongoing involvement in this action, and their ability to serve as class representatives.  If asked to testify, Plaintiffs would be able to do the same.

19.   Each Plaintiff voluntarily undertook the burdens and risks associated with the litigation to correct what they view as unlawful effort by Defendants to harass, annoy, and inconvenience them and other class members in violation of the TCPA.  They have done so

selflessly, and expended significant time and energy outside of their daily routines to effectively prosecute the case, including to respond to Defendants' numerous discovery requests and deposition notices.

20.     Plaintiffs have personally met with counsel throughout the course of the litigation at or near their homes or our respective law offices, to assist with investigating and prosecuting their claims. In addition to in-person meetings, Plaintiffs often communicate with counsel by telephone, email and text message. They are always responsive and engaged, and actively monitor case developments and filings. For example, Plaintiff Jenkins traveled to the EDNY Islip courthouse to observe one of the parties' many status conferences.

21.     Among other things, Plaintiffs have done the following:

    a.     searched for relevant documents (hard copies and electronic) in their custody, possession, or control;

    b.     produced responsive documents in response to numerous document requests from Defendants;

    c.     reviewed numerous documents related to this case, including certain pleadings, court decisions, discovery request responses including Interrogatory responses (and supplemental and second supplemental responses to each), and portions of Defendants' and third-party discovery productions;

    d.     assisted counsel to obtain documents from their cellular telephone providers;

    e.     made themselves available for depositions demanded by Defendants, which for Plaintiff Royal required traveling to and from her home in Schenectady to New York City; and

    f.     followed the status and progress of this lawsuit and communicated with counsel concerning the strategy and planning for this lawsuit concerning their individual claims and the claims made on behalf of proposed class members.

22. Plaintiffs understand that they have certain duties beyond those that I have outlined in this declaration. If the Court appoints Plaintiffs as class representatives, I am confident that they will perform the duties required of class representatives to the best of their ability.

23. I am aware of no interest of Plaintiffs in this litigation that is antagonistic to the interest of other class members. Among other things, I know of no reason that Plaintiffs would gain financially while other class members would lose financially, nor do I know of any reason that Plaintiffs would lose financially while other class members would gain.

I declare under penalty of perjury of the laws of New York and the United States that the foregoing is true and correct. This declaration was executed in New York, New York on July 31, 2019.

_____
Douglas I. Cuthbertson

Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th floor
New York, NY 10013-1413
Email: dcuthbertson@lchb.com
Tel:  212-355-9500

**Attorney for Plaintiffs and Proposed Class Counsel**