UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT JENKINS, EMMOT STEELE, FRANCES ROYAL, DANAI EWAN, and CHARMAINE WHYTE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>-against-<br><br>NATIONAL GRID USA SERVICE COMPANY, INC., KEYSPAN GAS EAST CORPORATION, NIAGARA MOHAWK POWER CORPORATION, and THE BROOKLYN UNION GAS COMPANY,<br><br>　　　　　　Defendants. | Civil Case No.  15-cv-1219<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. Arlene R. Lindsay, U.S.M.J.<br><br><br>**FILED**<br>**CLERK**<br>3:12 pm, Nov 08, 2021<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTING CLASS NOTICE

　　　　Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Direction of Settlement Class Notice ("Motion").  As described in the Motion, plaintiffs Jarrett Jenkins, Emmot Steele, Frances Royal, Danai Ewan, Charmaine Whyte, and Kristin MacKenzie ("Plaintiffs") and defendants National Grid USA Service Co., Inc., KeySpan Gas East Corporation, The Brooklyn Union Gas Company, and Niagara Mohawk Power Corporation, as well as Massachusetts Electric Company, the Narragansett Electric Company, Boston Gas Company, and Nantucket Electric Company ("Defendants" or "National Grid," and together with Plaintiffs, the "Parties") have entered into a class Settlement Agreement and Release, dated October 29, 2021, which is on file in this case at Dkt. 733-1 (the "Settlement").  Having thoroughly reviewed the Settlement, including the proposed forms of Class Notice and

other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 and has personal jurisdiction over the Parties and the Settlement Class Members. The Court notes that Massachusetts Electric Company, the Narragansett Electric Company, Boston Gas Company, and Nantucket Electric Company are not defendants in this Action, and are agreeing to be subject to the personal jurisdiction of this Court for purposes of settlement only and on the condition that the Settlement achieves the Effective Date. The Court's statement about personal jurisdiction over Massachusetts Electric Company, the Narragansett Electric Company, Boston Gas Company, and Nantucket Electric Company is subject to that condition. Venue is proper in this District.

3. The Motion (ECF No. 732) is GRANTED.

4. As agreed in the Settlement, Plaintiffs' motion to join Kristin MacKenzie as a named plaintiff and Class Representative in this Action, *see* Dkt. 531 (filed 4/3/19), is hereby reinstated and GRANTED, and Ms. MacKenzie shall be added as a plaintiff in this Action. However, the Court's approval of the Plaintiffs' motion joining Ms. MacKenzie as a plaintiff and Class Representative in this Action shall be contingent on the Court granting final approval to the Settlement and the Settlement achieving the Effective Date (as defined in the Settlement). In the event that the Settlement does not obtain final approval or achieve the Effective Date, this paragraph of the Court's order (*i.e.*, the grant of Plaintiffs' motion to join Ms. MacKenzie) shall be null and void and shall be deemed vacated without further action required, and the Parties

shall revert to the *status quo ante* concerning their respective positions on that motion, which may be re-filed by Plaintiffs.

5. The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2) and to finally certify the Settlement Class for purposes of judgment on the Settlement.

6. The Court further finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement is procedurally fair, the product of arms' length negotiations by the Parties through an experienced mediator, Hon. Wayne Andersen (Ret.), and comes after more than six years of litigation and discovery and a detailed investigation.

7. The Court preliminarily finds that the Settlement relief provided—(a) a non-reversionary settlement fund of $38.5 million and (b) changes to National Grid's policies, practices, and procedures intended to assure compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of further litigation, trial and appeal, the alleged harm to Settlement Class Members, the proposed method of distributing payments to the Settlement Class (*i.e.,* payments to Settlement Class Members who submit valid Claim Forms by mailed checks or electronic distributions), and the absence of any agreement required to be identified under Rule 23(e)(3).

8. The Court further preliminarily finds that the Settlement is substantively fair and treats the Settlement Class Members equitably relative to each other. Under the terms of the Settlement, Settlement Class Members who submit timely and valid Claim Forms will be sent a

Settlement Class member Payment, which will be a *pro rata* distribution of the $38.5 million settlement proceeds after reduction of the Settlement Costs (*i.e.*, (i) settlement and administration costs; (ii) Class Counsel attorneys' fees and expenses awarded by the Court; (iii) any Court-approved service awards paid to the Class Representatives; and (iv) and any taxes incurred by the Settlement Fund).  The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request.  At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Settlement Fund creates no reason not to grant the Motion and direct notice to the Settlement Class.

9. The Court also preliminarily finds that the Settlement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the Settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of National Grid to withstand a greater judgment; (h) the range of reasonableness of the Settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the Settlement fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F. 2d 448, 463 (2d Cir. 1974).

10. The Court hereby finds that it is likely to certify, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e) consisting of:

> All persons residing in the United States who, from March 9, 2011 until October 29, 2021, received a telephone call on a cellular telephone using a prerecorded or artificial voice message concerning:  (1) the payment or status of a current or past National Grid utility bill or account; (2) an "important matter" concerning a current or past National Grid utility bill or account; (3) a disconnect notice concerning a current or past National Grid utility account; (4) an invitation from

4

National Grid to attend a Customer Assistance Expo or to meet with or speak to the National Grid Consumer Advocacy group, National Grid Consumer Advocate, or National Grid Credit Department; or (5) the availability of a government assistance program, such as the Home Energy Assistance Program (HEAP), to assist with payments to National Grid. "National Grid" includes utilities operating in New York as KeySpan Gas East Corporation, The Brooklyn Union Gas Company, Niagara Mohawk Power Corporation; in Massachusetts as Boston Gas Company, Colonial Gas Company (now part of Boston Gas), Massachusetts Electric Company, Nantucket Electric Company; and in Rhode Island as The Narragansett Electric Company. The Settlement Class excludes (1) officers, directors and employees of National Grid as well as any outside counsel representing National Grid in this litigation; (2) any judge to whom this case is assigned, along with his or her staff, and (3) immediate family of any individual excluded by (1) or (2).

11. The Court preliminarily finds that, for settlement purposes only, the Settlement Class, as defined above, is likely to meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3). The Court further determines that the Settlement Class is ascertainable.

12. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

13. The Court hereby designates Plaintiffs Jarrett Jenkins, Emmot Steele, Frances Royal, Danai Ewan, Charmaine Whyte and Kristin MacKenzie as Class Representatives for the Settlement Class.

14. The Court hereby designates the following attorneys as Class Counsel for the Settlement Class:

>   Joseph S. Tusa
>   Tusa P.C.
>   P.O. Box 566
>   55000 Main Road, 2nd Floor
>   Southold, NY  11971
>   Tel. (631) 407-5100
>
>   Jonathan D. Selbin
>   Douglas I. Cuthbertson
>   John T. Nicolaou
>   Lieff Cabraser Heimann & Bernstein LLP
>   250 Hudson Street, 8th Floor
>   New York, NY  10013-1413
>   Tel. (212) 355-9500
>
>   Daniel M. Hutchinson
>   Lieff Cabraser Heimann & Bernstein LLP
>   275 Battery Street, 29th Floor
>   San Francisco, CA  94111-3339
>   Tel. (415) 956-1000

15. The Court hereby appoints Angeion Group LLC ("Angeion") as the Claims Administrator for the Settlement and directs Angeion to carry out all duties and responsibilities of the Claims Administrator as specified in the Settlement and herein.

**Notice Plan**

16. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves

from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (*e.g.*, Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (*e.g.,* Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the notices are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt out. The Court finds that the notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of this case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

17. The Court directs the Claims Administrator and the Parties to implement the Notice Plan as set forth in the Settlement.

18. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, National Grid shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

19. No later than February 11, 2022 or forty (40) days after entry of an Order granting preliminary approval to the Settlement, whichever date is later (the "Settlement Notice Date"), the Claims Administrator shall substantially complete sending the Short Form Notice to every person who was a National Grid Utility Account holder for an account that was active between January 1, 2006 and October 29, 2021, and whose identity and mailing or email address can be obtained from National Grid's records through the process set forth in Section 7.02 of the Settlement, substantially in the forms attached as Exhibits C-1 and C-2 to the Settlement, by email and/or postcard, as applicable. In the event a mailed Short Form Notice is returned as undeliverable, the Claims Administrator shall use reasonable efforts to obtain an updated mailing or email address, and if one is located, attempt a second mailing or emailing of the Short Form Notice.

20. No later than Settlement Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement and establish the Settlement Website—which shall include the Long Form Notice (in English and Spanish) substantially in the English form attached as Exhibit D to the Settlement and otherwise be in conformance with the terms of the Settlement—and a toll-free number that Settlement Class Members can call for additional information.

21. No later than seven (7) calendar days after the Claims Administrator substantially

completes the Notice Plan, the Claims Administrator shall provide Class Counsel and National Grid's counsel a declaration confirming the completion of the Notice Plan in conformance with the Settlement and this Order. Plaintiffs shall file that declaration with the Court as an exhibit to, or in conjunction with, the motion for a Final Approval Order. Within ten (10) calendar days after the Opt-Out Deadline and Objection Deadline (as listed below), the Claims Administrator shall provide National Grid and Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

**Claims Process**

22. Settlement Class Members shall be permitted to share in the Settlement Fund paid by National Grid only after completing and submitting a Claim Form to the Claims Administrator, in the form attached to the Short Form Notice (Exhibit C-1 to the Settlement). To be considered valid, Claim Forms must be postmarked or submitted through the Settlement Website no later than ninety (90) calendar days after the Settlement Notice Date, unless a later date is approved by the Court. As set forth in the Settlement, Settlement Class Members who submit Claim Forms with missing or errant information will be provided additional time to correct the errors and re-submit the Claim Forms to the Claims Administrator, after being apprised of the need to do so by the Claims Administrator.

23. For a Claim Form to be considered valid, the Settlement Class Member shall include: (1) the Settlement Class Member's name; (2) the cellular telephone number(s) called by National Grid or its debt collectors; and (3) a certification under penalty of perjury that the Settlement Class Member is a member of the Settlement Class. The Claim Form shall further provide the Settlement Class Member with the opportunity to correct or update their name and mailing address and to provide a contact telephone number and email address.

**Opt-Out and Objection Procedures**

24. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Claims Administrator (at the address listed in the Long Form Notice) a written request for exclusion that is postmarked no later than ninety (90) calendar days after the Settlement Notice Date (the "Opt-Out Deadline"). To be effective, the request for exclusion must include: (1) the individual's full name, address, and telephone number; (2) a statement that the individual wants to be excluded from the Settlement in *Jenkins v. National Grid USA Service Company, Inc.*, No. 2:15-cv-01219-JS-ARL (E.D.N.Y.); (3) the personal signature of the individual Settlement Class Member and the date. Any person within the Settlement Class definition who does not opt out of the Settlement Class in the manner described in this paragraph shall be deemed a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in this case. Within seven (7) calendar days of receiving any opt-out request, the Claims Administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and National Grid's counsel.

25. Any Settlement Class Member that does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, expenses, and service awards. To be considered valid, an objection must be filed electronically with the Court or mailed to the Clerk of the Court (at the address listed in the Long Form Notice) and also mailed to Class Counsel and National Grid's counsel (at the addresses listed in the Long Form Notice). For an objection to be considered by the Court, the objection must be filed or postmarked no later than ninety (90) calendar days after the Settlement Notice Date (the "Objection Deadline"), and must set forth the following: (a) the name of this Action; (b) the objector's full name, address, and phone number; (c) an explanation

of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing, who must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court; (g) a list of all other class action settlements to which the objector or their counsel filed an objection; (h) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and (i) the objector's signature (an attorney's signature is not sufficient).

26. Any Settlement Class Member that does not make an objection in the manner provided in the preceding paragraph shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing or otherwise, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement or to Class Counsel's request for attorneys' fees, expenses and/or service awards. Any Settlement Class Member that objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and achieves the Effective Date.

27. The Claims Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and National Grid's counsel.

**Final Approval Hearing**

28. The Court will hold a Final Approval Hearing on __June 10__, 2022 at __10:00 a.m.__ (Eastern time), in Courtroom 1030 at the United States District Court for the Eastern District of

New York, 100 Federal Plaza, Central Islip, NY 11722. At the Final Approval Hearing, the Court will, among other things: (a) determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Settlement Class should be finally certified; (d) rule on Class Counsel's motion for attorneys' fees, expenses, and service awards; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

29. By no later than fourteen (14) calendar days prior to the Final Approval Hearing, the Parties shall file any motions for final Settlement approval, including any responses to any objections that are submitted. By no later than thirty (30) calendar days prior to the Objection Deadline, Plaintiffs and Class Counsel shall file their motion for attorneys' fees, expenses, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

30. The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing, and may order that this hearing be held remotely, by videoconference or telephonically. In the event the Court changes the date, time, and/or the format of the Final Approval Hearing, the Parties shall instruct the Claims Administrator to post the updated information on the Settlement Website.

31. Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

32. If the Settlement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

33. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

34. Pending final determination of whether the Settlement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

35. This Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against National Grid or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in this Action; (b) any liability,

negligence, fault, or wrongdoing of National Grid or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation or non-settlement purposes.

36. The Court retains jurisdiction over this Action, the Settlement Class and the Parties to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Settlement.

37. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement according to its terms should it be finally approved.

38. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order, including non-material modifications to the exhibits to the Settlement.

39. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Settlement Notice Date | February 11, 2022 or 40 days after entry of the Preliminary Approval Order, whichever date is later |
| Last day for Plaintiffs and Settlement Class Counsel to file motion for attorneys' fees, expenses, and service awards | 60 days after Settlement Notice Date |
| Last day for Settlement Class Member to file Claim Forms (excluding time set forth in the Settlement to correct errors or omissions in filed Claim Forms) | 90 days after Settlement Notice Date |
| Opt-Out Deadline/Objection Deadline | 90 days after Settlement Notice Date |
| Last day for the parties to file any motions for final settlement approval, including any responses to objections | 14 days before the Final Approval Hearing |

15

| Final Approval Hearing | June 10, 2022, |
|---|---|

Dated: November 8, 2021

/s/ Joanna Seybert
_____
JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

The Clerk of the Court is respectfully directed to GRANT the motion pending at ECF No. 732.