UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2022 ★
LONG ISLAND OFFICE

JARRETT JENKINS, et al,

Plaintiffs,

v.

NATIONAL GRID USA SERVICES CO., INC., et al.

Defendants.

Case No. 15-CV-1219

(JURY TRIAL DEMANDED)

## OBJECTION TO CLASS ACTION SETTLEMENT

Christopher Cabane and Barry Halpert, *pro se*, hereby files the following objection to the proposed Class Action Settlement in the above referenced case:

1. We object to the Plaintiffs' and Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Plaintiff Service Awards (ECF No. 742) for two reasons: *First*, the requested fee amount excessive. Plaintiffs' counsel seeks **more than Twelve Million Seven Hundred Thousand Dollars** before expenses. This is by all means excessive and this fee award would serve to reduce the Class' recovery on a dollar-for-dollar basis. In addition, the hourly rates chaged by Class Counsel and their paralegals and clerks are unreasonable, with "litigation support specialists" and "paralegals/clerks" charging more than $400 per hour. (ECF No. 742-2 at 10–11). *Second*, the class representative incentive awards are excessive: a **Fifty-Five Thousand Dollar** incentive award is almost unheard of. While $2,500–$10,000 may be appropriate, adding additional Plaintiffs should not

serve to increase the incentive award more than fivefold and once again take this money away from the Class Members.

2.  We also object to the terms of the settlement. While Class Counsel will walk away with more than $12,700,000 and the class representatives will collectively receive $55,000, the Class Members are estimated to receive mere "payments of between $50 and $150 for each claiming Settlement Class member, *depending on the number of valid claims submitted.*" See ECF NO. 742 at 10 (internal footnotes omitted). The Telephone Consumer Protection Act allows for the recovery $500 per violative call, subject to trebling where willfulness is shown. Thus, for Class Members to receive only between $50 and $150 for each valid claim submitted is inadequate and offensive. Moreover, depending on the amount of claims submitted, the ultimate recovery could be less. Indeed, because the the settlement payment will be "shared equally among all Settlement Class Members who submit valid Claim Forms," if more claims than anticipated are submitted, the amount we receive will go down. *See* Long Claim Form at 6. Moreover, the settlement fails to take into account the number of violative communications each Class Member received, even though the TCPA provides liability on a *per violation* basis. In effect, Class Counsel want this settlement to be approved without even knowing how much each Class Member will actually receive.

3.  In addition, the Settlemet Class should not be certified. The Court applies the same standards in a settlement class (perhaps with the exception of manageability since there will not be a trial). Those requirements are not met. The

2

typicality requirement is not met because everyone got different calls about different subject matter with different purposes. The class action is also not superior where the dollar value of the Class Members' is drastically reduced to make way for a settlement. If a class could be certified, there is nothing superior about settling the Class for pennies on the dollar to finance a large attorney fee award.

4. We also object to the proposed settlement because it is not explicitly clear that we can submit a claim without waiving this Objection. To be clear, we do not want to exclude myself from the settlement but simply want to make it fair.

5. We are members of the proposed Settlement Class because we received telephone calls from the Defendants and/or their agents. We have never previously objected to a class action settlement. If provided an opportunity attend, one or both of us will attend the Final Approval Hearing in support of our objection and I hereby request that Class Counsel arrange same for us and that they advise if the hearing date or time is changed.

May 5, 2022                              Respectfully submitted,

By: <u>/s/ *Christopher Cabane Barry Halpert*</u>
**Christopher Cabane Barry Halpert** (*Pro Se*)
718-986-3805
Casanova.Chris.c@gmail.com
336 Rathbun Avenue
Staten Island, NY 10312

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served the foregoing on the following parties using the indicated service method:

National Grid TCPA Settlement Administrator
P.O. Box 8207
Philadephia, PA 19101
info@nationalfridtcpasettlement.com
*U.S. Registered Mail and Email*

Clerk of the Court
USDC for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
*U.S. Registered Mail*

Richard Brown
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054-2891
*U.S. Registered Mail*

Joseph S. Tusa
Tusa P.C.
P.O. Box 566
55000 Main Road, 2nd Floor
Southold, NY 11971
*U.S. Registered Mail*

Douglas I. Cuthbertson
Lief Cabraser Heimann & Bernstein LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
*U.S. Registered Mail*

By: /s/ *Christopher Cabane and Barry Halpert*
**Christopher Cabane and Barry Halpert** (*Pro Se*)

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 10 2022 ★

LONG ISLAND OFFICE

5/10

CERTIFIED MAIL

B75861.02

$4.28 0
US POSTAGE
FIRST-CLASS
062S0011123997
FROM 22407