# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT JENKINS, EMMOT STEELE, FRANCES ROYAL, DANAI EWAN, and CHARMAINE WHYTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONAL GRID USA SERVICE COMPANY, INC., KEYSPAN GAS EAST CORPORATION, NIAGARA MOHAWK POWER CORPORATION, and THE BROOKLYN UNION GAS COMPANY,<br><br>Defendants. | Civil Case No. 15-cv-1219<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. Arlene R. Lindsay, U.S.M.J. |

## [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1. This matter came before the Court for hearing on June 24, 2022, pursuant to the Court's Preliminary Approval Order dated November 8, 2021 (Dkt. 736), and on the motion ("Motion") for final approval of the *Class Action Settlement Agreement and Release*, dated October 29, 2021 entered into by the Parties (the "Settlement," Dkt. 733-1), as well as Class Counsel's motion for an award of attorneys' fees and expenses and for Plaintiffs' service awards. Due and adequate notice having been given to the Settlement Class Members of the Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon

consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

2. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement.

3. This Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 and has personal jurisdiction over the Parties and the Settlement Class Members. The Court notes that Massachusetts Electric Company, the Narragansett Electric Company, Boston Gas Company, and Nantucket Electric Company are not defendants in this Action, and are agreeing to be subject to the personal jurisdiction of this Court for purposes of settlement only and on the condition that the Settlement achieves the Effective Date. The Court's statement about personal jurisdiction over Massachusetts Electric Company, the Narragansett Electric Company, Boston Gas Company, and Nantucket Electric Company is subject to that condition. Venue is proper in this District.

4. The "Settlement Class" for purposes of this Final Approval Order means:

All persons residing in the United States who, from March 9, 2011 until October 29, 2021, received a telephone call on a cellular telephone using a prerecorded or artificial voice message concerning: (1) the payment or status of a current or past National Grid utility bill or account; (2) an "important matter" concerning a current or past National Grid utility bill or account; (3) a disconnect notice concerning a current or past National Grid utility account; (4) an invitation from National Grid to attend a Customer Assistance Expo or to meet with or speak to the National Grid Consumer Advocacy group, National Grid Consumer Advocate, or National Grid Credit Department; or (5) the availability of a government assistance program, such as the Home Energy Assistance Program (HEAP), to assist with payments to National Grid. "National Grid" includes utilities operating in New York as KeySpan Gas East Corporation, The Brooklyn Union Gas Company, Niagara Mohawk Power Corporation; in Massachusetts as Boston Gas Company, Colonial Gas Company (now part of Boston Gas), Massachusetts Electric Company, Nantucket Electric Company; and in Rhode Island as The Narragansett Electric Company. The Settlement Class excludes (1) officers, directors and employees of National Grid as well as any outside counsel representing National Grid in this litigation; (2) any judge to whom this case is

assigned, along with his or her staff, and (3) immediate family of any individual excluded by (1) or (2).

5.     The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

6.     The Court finds that the Notice Plan for disseminating notice to the Settlement Class, provided for in the Settlement and previously approved and directed by the Court's Preliminary Approval Order, has been implemented by the Claims Administrator and the Parties. The Court finds that such Notice Plan, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

7.     The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement and this Court's Preliminary Approval Order.  All persons who submitted timely and valid requests for exclusion shall not be deemed Settlement Class Members and are not bound by this Final Approval Order.  A list of those persons who submitted timely and valid requests for exclusion is attached hereto as Exhibit 1.  All other persons who fall within the definition of the

Settlement Class are Settlement Class Members and part of the Settlement Class and shall be bound by this Final Approval Order and the Settlement.

8. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

9. The Court finds that, for settlement purposes, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)— namely, that (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3); and (f) that the Settlement Class is ascertainable.

10. The Court reaffirms its appointment of Plaintiffs Jarrett Jenkins, Emmot Steele, Frances Royal, Danai Ewan, Charmaine Whyte, and Kristin MacKenzie as Class Representatives to represent the Settlement Class and reaffirms its appointment of Class Counsel to represent the Settlement Class.

11. The Court finds that the Settlement warrants final approval pursuant to Rule 23(e)(2) because the Court finds the Settlement to be fair, reasonable, and adequate and in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Class Counsel have adequately represented the Settlement Class and will continue to do so through Settlement implementation. Second, the Settlement was reached as a result of arms' length negotiations among counsel for the Parties, assisted by an experienced

mediator, the Hon. Wayne Andersen (Ret.), and comes after seven (7) years of litigation and a detailed and informed investigation and analysis by counsel for the Parties.  Third, the Court finds that the relief proposed to be provided for the Settlement Class—(a) a non-reversionary settlement fund of $38.5 million and (b) changes to National Grid's policies, practices and procedures intended to promote compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (*i.e.*, direct payments by mailed checks or electronic distributions).  Fourth, the Court finds that the Settlement treats Settlement Class Members equitably relative to each other.  Under the terms of the Settlement, all Settlement Class Members who submitted a timely and valid Claim Form will be sent a Settlement Class Member Payment, which will be a *pro rata* distribution of the $38.5 million settlement proceeds after reduction of the Settlement Costs (*i.e.*, (i) settlement and administration costs; (ii) Class Counsel attorneys' fees and expenses awarded by the Court; (iii) any Court-approved service awards paid to the Class Representatives; and (iv) any taxes incurred by the Settlement Fund).

12.     The Court also finds that the Settlement is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the Settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of National Grid to withstand a greater judgment; (h) the range of reasonableness of the Settlement Fund in light of the best possible recovery; and

(i) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

13. The Motion is hereby GRANTED, and the Settlement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties and Claims Administrator are directed to consummate and implement the Settlement in accordance with its terms, including distributing the Net Settlement Fund to the Settlement Class Members who have submitted timely and valid Claim Forms and other disbursements as provided by the Settlement Section 7.04 including potential additional distributions to Settlement Class Members and/or a distribution *cy pres* to the National Consumer Law Center. Claims Forms submitted electronically on the Settlement Website or non-electronic Claim Forms that either (1) contain a postmark of May 23, 2022 or earlier or (2) were received by the Claims Administrator by June 24, 2022 shall be considered timely submitted. The Parties will confer about the timeliness of any Claim Forms received by the Claims Administrator after June 24, 2022, but prior to the Effective Date, and report back to the Court concerning whether they should be considered timely. National Grid is directed to adopt and implement the changes to its policies, practices, and procedures set forth and pursuant to the time deadlines in Sections 4.06 and 4.07 of the Settlement and to maintain those changes to its policies, practices, and procedures for the time period provided for in Section 4 of the Settlement, or upon petition by National Grid as provided in Section 4.09 of the Settlement a further Order of this Court determines that National Grid is relieved of one or more of its obligations to change its policies, practices and procedures.

14. The Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement, in this Final Approval Order, and in any order(s) by this Court regarding Class Counsel's motion for attorneys' fees, expenses, and service awards.

15. Contingent upon the Settlement of the Action achieving the Effective Date (as defined in the Settlement), and recognizing that Kristin MacKenzie has been joined as a plaintiff and class representative in the Action, the related action styled *MacKenzie v. National Grid USA Service Company, Inc.*, 2:19-cv-01916-JS shall be dismissed with prejudice and without costs to any Party. Within five (5) days of the Settlement of the Action achieving the Effective Date, MacKenzie and National Grid shall submit an order to dismiss the *MacKenzie* matter with prejudice and without costs to any Party.

16. In the event the Settlement of the Action does not achieve the Effective Date, the *MacKenzie* Action shall not be dismissed pursuant to the foregoing paragraph, the Court's order granting Plaintiffs' motion to join Ms. MacKenzie shall be null and void and shall be deemed vacated without further action required, and the Parties shall revert to the *status quo ante* concerning their respective positions on Plaintiffs' motion (Dkt. 531) to join Ms. MacKenzie and a plaintiff in the Action.

17. In consideration of the benefits provided under the Settlement, Plaintiffs and each Settlement Class Member who has not requested exclusion shall, by operation of this Final Approval Order, have forever released all Released Claims against all Released Parties in accordance with Sections 2.28 and 13.01 of the Settlement and the May 23, 2022 Stipulation (Dkt. 748), the terms of which are incorporated herein by reference. The terms of the Settlement, which are incorporated by reference into this Final Approval Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties. The Released

Parties may file the Settlement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

18. All Settlement Class Members who have not submitted requests for exclusion have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party. This permanent bar and injunction is necessary to protect and effectuate the Settlement and this Final Approval Order, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement.

19. This Final Approval Order is the final, appealable judgment in the Action as to all Released Claims.

20. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement; (b) Class Counsel's motion for attorneys' fees, expenses, and service awards; (c) distribution of the Settlement Fund, Class Counsel attorneys' fees and expenses, and Plaintiffs' service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

21. In the event that the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly

provided to the contrary in the Settlement, and without prejudice to the *status quo ante* rights of Plaintiffs, Settlement Class Members, and National Grid.

22. This Final Approval Order, the Preliminary Approval Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against National Grid or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of National Grid or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

23. The Court GRANTS Plaintiffs' and Class Counsel's *Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Plaintiff Service Awards* (Dkt. 742) and awards Class Counsel attorneys' fees in the amount of [$12,705,000.00], the reimbursement of expenses in the amount of [$1,052,082.51], and awards Plaintiffs Jenkins, Steele, Royal, Ewan, and Whyte [$10,000.00] each as service awards and awards Plaintiff MacKenzie [$5,000.00], with such attorneys' fees, expenses, and service awards to be paid from the Settlement Fund pursuant to the terms of the Settlement. In accordance with Section 7.04(a) of the Settlement, Class Counsel may elect to receive payment of their fees, costs and expenses awarded by the Court after five (5) business days of the entry of this Final Approval Order, notwithstanding any motion for reconsideration or appeal. If Class Counsel elect to receive the Court-awarded attorneys' fees, costs, and expenses pursuant to Section 7.04(a) of the Settlement, they are subject to the stipulated undertaking attached to the Settlement as Exhibit H, which, among other things, requires repayment to National Grid within ten (10) business days if the

9

Final Approval Order is vacated as the result of a motion for reconsideration, or if the Final Approval Order is reversed, vacated, or modified on appeal so as to permit National Grid to exercise its termination rights pursuant to Section 14 of the Settlement.

24. All objections to final approval of the Settlement, certification of the Settlement Class under Fed. R. Civ. P. 23, the service awards payable to the Plaintiffs, and/or Class Counsel's motion for the payment of attorneys' fees and reimbursement of expenses are DENIED on the merits. *See* Dkts. 737, 738, 739, 743, 745. In addition, the objections filed by Bronner (Dkt. 737), Wilson (Dkt. 739) and Cabane and Halpert (Dkt. 745) are DENIED in their entirety, because these objectors have not provided a basis upon which they claim to be members of the Settlement Class, and therefore lack standing to object to the Settlement or to file an appeal of this Final Order and Judgment.

25. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and immediate entry by the Clerk of the Court.

Dated: June 24, 2022
      Central Islip, New York

/s/ JOANNA SEYBERT
_____
JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

```
For the foregoing reasons, as well as the reasons stated on the
record at the Fairness Hearing, the Clerk of the Court is
respectfully directed to GRANT the Motion for Final Approval of
this Class Action Settlement (ECF No. 753); GRANT the Motion for
Attorney's Fees (ECF No. 742); and mark this case CLOSED.
```

# EXHIBIT 1

## LIST OF SETTLEMENT CLASS MEMBERS THAT
## REQUESTED EXCLUSION FROM THE SETTLEMENT AND RELEASE

1. Katherine Baldarelli

2. Barcia Bros. Fence Company

3. Amanda Kay Belles

4. Ilene Bergeson

5. Staci Dawn Billings

6. Scott Blond-Treasure

7. Haidee Blumenthal

8. James E. Bradfield

9. Daniel A. Brakeley

10. Brooks R. Brown

11. Charlotte A. Brunet

12. Matthew Cicero

13. Estate of Simmie Collins

14. Gary Dale

15. Catherine De LaRionda

16. Michael F. Delaney

17. Angelica Delatorre

18. BonnaSue Draper

19. Kathleen Drisoll

20. Chanh Duong

21. Ly Duong

22. Alexis Easton

23. Stephanie Enos

24. Sharon A. Flavin

25. Barbara E. Flectcher

26. Patrick J. Frawley

27. Daniel B. Fromowitz

28. Clara Gabreil

29. Gail Galloway

30. John Gau

31. Irene Gaudreau

32. Jennie Greene

33. Marilyn Haskel

34. Anne Marie Hawley

35. Mary E. Hough

36. Edward Humphrey, Jr.

37. Sandra Hussett

38. Peter Jonas Isaacson

39. Rolf Kalim

40. Christopher Laccinole

41. Sylvania A. Lengel

42. Anna Lutz

43. Nancy A. Magowan

44. Theresa Maguire

45. Judith A. Marchand

46. Donald Martin

47. Matthew Martoni-McGrath

48. Mark McDonagh

49. Stephen Robert McKenzie

50. Mary M. Murphy

51. Anna Musial

52. Marie Paino

53. Joseph Paino

54. Patricia A. Panzini

55. John M. Sauder

56. Bradley Scheetz

57. Karsten Scwiz

58. Elizabeth Sheperd

59. Lea Kathleen Sivilich

60. Joseph W. Snow

61. Joan D. Snyder

62. Ivey St. John

63. Roy James Steele

64. James Stone

65. Joanne Torosian

66. Connie Vagliardo

67. Brian Richard Vanwyckhouse

68. Marlene Williams

69. Leon Wood

70. Sharon Wylie and Stanley Porter

71. Hailing Zhang

As set forth on the record at the Fairness Hearing, the following individuals have opted out from the Settlement: Christine Rzepka; Jennifer Verhagen; Julie Perkins; and Rebecca Palmer. /s/ JS